UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AQUENT, LLC,

                         Plaintiff,

        -against-                                          1:09-CV-00524 (LEK/DRH)

ATLANTIC ENERGY SERVICES, INC.,
ATLANTIC ENERGY SOLUTIONS INC.,
ATLANTIC HOLDING COMPANY OF
SARATOGA, INC.,TERRI J. BROCK AND
TIMOTHY J. BROCK,

                         Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

        On May 4, 2009, Plaintiff Aquent, LLC ("Plaintiff" or "Aquent") commenced this action

against Defendants Atlantic Energy Services, Inc., Atlantic Energy Solutions, Inc., and Atlantic

Holding Company of Saratoga, Inc. (collectively, "Atlantic Energy Defendants"), and against Terri

J. Brock and Timothy J. Brock ("the Brocks").  As against all Defendants, Plaintiff asserts claims

for unjust enrichment and for an account stated in a specified amount.  Compl. (Dkt. No. 1) ¶¶

46–53.  Additionally, Plaintiff brings a claim for breach of contract against the Atlantic Energy

Defendants.  Id. ¶¶ 22–45.  As against the Brocks, Plaintiff asserts claims for breach of guarantee,

conversion, and fraud.  Id. ¶¶ 54–67.  Aquent is a Delaware limited liability company with a

principal place of business in Boston, MA.  The Atlantic Energy Defendants are New York

corporations with a principal place of business in Saratoga Springs, NY; the Brocks personally reside in Saratoga Springs. Id. ¶¶ 1–8; Pl.'s Statement. of Material Facts ¶¶ 2-7 ("Stat. of Facts") (Dkt. No. 10). The Court exercises diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

Presently before the Court is Plaintiff's Motion for partial summary judgment on the claims of breach of contract, unjust enrichment and breach of guarantee. Dkt. No. 10. The Motion is unopposed. For the reasons that follow, Plaintiff's Motion is granted.

## I.       BACKGROUND

In January 2007, the Atlantic Energy Defendants entered into a Line of Credit Agreement ("LOCA") with Plaintiff. Compl. (Dkt. No. 1) ¶ 11. With the LOCA, Plaintiff agreed to provide Atlantic Energy Defendants with accounts receivable financing and other financing through the purchase of the Atlantic Energy Defendants' accounts receivable pursuant to a Merchants Services Agreement ("MSA") entered into at the time of the LOCA. Id. The LOCA provided for loans to Atlantic Energy Defendants in an amount up to $500,000. Id. ¶ 12.

Under its terms, the MSA is governed and enforced by the laws of the State of New York. Id. ¶ 13. Under the MSA, Atlantic Energy Defendants were prohibited from collecting any of the receivables assigned to Plaintiff directly from a customer. Id. ¶ 27. If Atlantic Energy Defendants received any of these "misdirected payments," they were required to immediately remit the payments to Plaintiff. Id. The MSA stated that any violation of this requirement would be considered an illegal conversion of Plaintiff's funds, with the result that Defendants would be obligated to pay Plaintiff, as a penalty, the greater of either $100 or 15% of the value of each "misdirected payment." Id. ¶ 29. The MSA also provided that, in the event of default or a dispute

2

between the parties, the prevailing party would be entitled to recover expenses incurred to enforce the agreement, including costs and reasonable attorney's fees.  Id. ¶ 35.

As part of the transaction, Plaintiff and Timothy Brock, on behalf of the Atlantic Energy Defendants, entered into a Security Agreement granting Plaintiff a security interest in all assets of the Atlantic Energy Defendants.  Id. ¶¶ 14, 16.  The secured loans were evidenced by a Promissory Note executed at the same time as the LOCA and MSA by Timothy Brock for the Atlantic Energy Defendants.  Id. ¶ 17.  The Atlantic Energy Defendants agreed to pay the Note upon demand by Plaintiff of all outstanding principal amounts, together with all accrued and unpaid interest set at a rate of 18% and other charges.  Id. ¶¶ 37, 25.  Additionally, in order to provide further security, the Brocks executed a Personal Guarantee rendering them jointly and severally liable for the debts of the Atlantic Energy Defendants.  Id. ¶ 55.  By amendment to the LOCA on January 5, 2008, the agreement was extended up to and including June 5, 2008.  Id. ¶ 19.

In February 2009, Plaintiff sent a notice to Defendants that they were in default for failing to make payments on the unpaid principle balance of the loans, and advised Defendants that they owed Plaintiff $469,434.08 together with interest of 18%, all of which was immediately due pursuant to the parties' agreements.  Id. ¶ 21.  Defendants admitted they had breached their obligations under the agreements.  Id. ¶ 20; Answer (Dkt. No. 6) ¶ 2.

Plaintiff alleges that the Atlantic Energy Defendants have failed to cure their default and are in breach of the terms and conditions of the various agreements.  Compl. ¶ 42.  In its first claim, Plaintiff is seeking damages for breach of contract in the amount of $469,434.08 plus $80,743.68 of interest as of January 10, 2010, as well as seeking to recover 15% of any misdirected payments and the costs for commencing this action, including reasonable attorney's fees.  Id. ¶ 45; Stat. of Facts

(Dkt. No.10) ¶ 33.  In its second claim, Plaintiff asserts that Defendants were unjustly enriched by Plaintiff's monetary advances, and, as such, Defendants are jointly and severally liable to Plaintiff for the above amounts, not including the 15% fee for misdirected payments.  Compl. ¶¶ 48-49. Plaintiff's third claim alleges that Defendants are liable for an account stated in the amount of $469,434.08, plus interest and costs, including reasonable attorney's fees.  Fourth, Plaintiff claims that Defendants Timothy Brock and Terri Brock have failed to abide by the terms of their Guarantee and, therefore, that they are liable to Plaintiff for $469,434.08, plus interest, costs and disbursements.  Id. ¶¶ 56–57.  As a fifth claim, Plaintiff alleges that Defendants are jointly and severally liable for the illegal conversion of Plaintiff's funds for "misdirected payments" under the terms of the MSA.  Id. ¶ 62.  On the basis of this conversion claim, Plaintiff asserts entitlement to damages in the amount of a 15% penalty for each converted payment, plus interests, costs, reasonable disbursements due and attorney's fees.  Id.  Plaintiff's sixth cause of action alleges a fraud claim against the Brocks for willfully and fraudulently misdirecting their customers' payments.  Id. ¶ 66.  Plaintiff alleges the Brocks are liable to it under the Guarantee in the amount of $469,434.08, plus interest, costs and disbursements.  Id. ¶ 67.

On January 27, 2010, Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the claims for breach of contract and unjust enrichment against all Defendants and on the claim for breach of guaranty against the Brocks.  Dkt. No. 10.  In a telephone conference with counsel for all parties on January 13, 2010, Defendants' counsel represented to the Honorable David R. Homer, Magistrate Judge in this case,  that Defendants would not oppose Plaintiff's anticipated dispositive Motion. Accordingly, on January 14, 2010, the Honorable Magistrate Judge David R. Homer denied reopening discovery, of which none had been conducted

by any party at that time.

## II.      STANDARD OF REVIEW

Pursuant to Rule 12(d), "[i]f, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d). Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate "only when no reasonable trier of fact could find in favor of the nonmoving party." Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991). Once the moving party meets its initial burden of showing there is no genuine issue of material fact, it is then up to the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986). "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Nora Beverages, Inc. v. Perrier Group of America, Inc., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary

judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution."  Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

## III.   DISCUSSION

As required by Local Rule 7.1(a)(3), a party moving the Court for summary judgment must include a Statement of Material Facts with its filing; a party opposing summary judgment must then respond with a Statement of Material Facts admitting or denying each of the movant's assertions. See N.D.N.Y. L.R. 7.1(a)(3).  Under the Local Rules, the facts set forth by the moving party's statement "shall be deemed admitted unless specifically controverted by the opposing party."  Id. Plaintiff, as the moving party, properly submitted a Statement of Material Facts (Dkt. No. 10-15) to which Defendants offered no response.  While the Court could accept Plaintiff's allegations as true and grant summary judgment on its claims, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.  Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2001) (citation omitted).  Moreover, when considering Local Rule 7.1(a)(3), the Second Circuit has noted that "[r]eliance on a party's statement of undisputed facts may not be warranted where those facts are unsupported by the record."  N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs., 426 F.3d 640, 649 (2d Cir. 2005).  In the instant case, however, there exists no such concern about unsupported facts; the facts relied on by the Court in Plaintiff's Statement of Material Facts have either been admitted by Defendants in their Answer or are supported by the record.

### A. Breach of Contract

6

A grant of summary judgment in a contract dispute is proper only if the language of the contract is "'wholly unambiguous.'"  Wards Co. v. Stamford Ridgeway Assocs., 761 F.2d 117, 120 (2d Cir. 1985) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)).  The question of whether a contract is so ambiguous is for the court to decide.  Sayers v. Rochester Tel. Corp., 7 F.3d 1091, 1094 (2d Cir. 1993) (citations omitted).  The terms of the contract underlying Plaintiff's claim are established by the agreements signed by the parties: the Line of Credit Agreement, Merchant Services Agreement, Security Agreement and Promissory Note.  Collectively, these agreements unambiguously outline the obligations of the parties.  First, in the Line of Credit Agreement, Plaintiff agreed to advance no more than $500,000 to Atlantic Energy Defendants.  Dkt. No. 10-2 ¶ 1.  Pursuant to the Merchant Services Agreement, Defendants agreed to transfer their accounts receivables to Plaintiff in exchange for the money advances.  Dkt. No. 10-3 ¶ 3.1.  Additionally, Defendants agreed to not collect or retain any of the receivables assigned to Plaintiff.  Id. ¶ 4.4.  In the Security Agreement, Defendants granted Plaintiff a collateral interest in their property.  Dkt. No. 10-5 ¶ 1.  The Promissory Note established an interest rate of 18%.  Dkt. No. 10-4 at 1.  Upon review of these documents, the Court finds the agreements are clear and unambiguous.  Indeed, the Defendants do not dispute the terms of the contract.  Compl. ¶¶ 11-19, 27, 88, 33 –39 30; Answer ¶ 2.  Because the terms of the agreements are clear, summary judgment on Plaintiff's claim for breach of contract may be properly granted if there exist no issues of material fact.

Under New York law, "an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."  Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994) (citing Bank Itec N.V. v. J. Henery

Schroder Bank & Trust Co., 612 F. Supp. 134, 137–39 (S.D.N.Y. 1985)).  With respect to Plaintiff's claim, there are no issues of fact which concern these four elements.  First, the loan documents show that the parties intended to enter and be bound by their agreement.  Moreover, Defendants admit they entered into the agreement.  Compl. ¶ 11; Answer ¶ 2.  Second, Plaintiff provided Defendants with financing pursuant to the agreement, as evidenced by the Promissory Note executed by the Atlantic Energy Defendants.  Compl. ¶ 25.  Defendants admit such performance.  Answer ¶ 2.  Third, Defendants admit they breached their obligations under the agreement.  Compl. ¶ 20; Answer ¶ 2.  Finally, Defendants' failure to pay the balance due after receiving a notice of default from Plaintiff that terminated the agreement resulted in Plaintiff losing over $400,000.  Notice of Default and Reservations of Rights (Dkt. No. 1 Ex. G).  Accordingly, Plaintiff satisfies its burden of establishing its breach of contract the claim and has shown that there is no material factual issues remain. Summary judgment in favor of Plaintiff is therefore granted.

### B. Unjust Enrichment

A claim of unjust enrichment under New York law requires a plaintiff to show "(1) that the defendant was enriched, (2) that the enrichment was at the plaintiff's expense and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff."  Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 519 (2d Cir. 2001); and see State v. Barclays Bank, 76 N.Y.2d 533 (1990).  The Atlantic Energy Defendants were, of course, enriched when they received money advances from Plaintiff pursuant to their agreement.  This enrichment occurred at the expense of Plaintiff, as Defendants defaulted on their payment obligations and owe Plaintiff a considerable sum.  The parties' agreements and the amount of money owed demonstrate circumstances which show that Defendants should return the money owed

to Plaintiff.  Defendants do not dispute the existence of the agreements with Plaintiff, the fact that

Plaintiff advanced them money, or that they breached their obligations.  Accordingly, with no issues

of fact remaining, Plaintiff is entitled to judgment as a matter of law on its unjust enrichment claim.

### C. Breach of Guarantee

Under New York law, "a guaranty is 'the promise to answer for the payment of some debt or

the performance of some obligation, on default of such payment or performance, by a third person

who is liable in the first instance.'"  Terwilliger v. Terwilliger, 206 F.3d 240, 246 (2d Cir. 2000)

(quoting 63 N. Y. Jur. 2d Guaranty and Suretyship § 2 (1987)).  "[A]ny liability of the guarantors

must be drawn from the wording of the Guaranty . . . . A guarantor's obligation must be 'narrowly

construed and cannot be extended by construction beyond the plain and explicit language of the

contract.'"  Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust., Co, 93 F.3d 1064, 1073

(2d Cir. 1996) (quoting Key Bank v. Burns, 162 A.D.2d 501, 503 (2d Dep't 1990)).  Strict

construction of guarantees is necessary "because the guarantor 'cannot be held responsible to

guarantee a performance different from that which he intended or specified in the guaranty.'"  Chase

Manhattan, 93 F.3d at 1073-74 (quoting Caldor, Inc. v. Mattel, Inc., 817 F. Supp. 408, 411

(S.D.N.Y. 1993)).

Defendants Timothy Brock and Terri Brock signed a guaranty agreement stating that they

"irrevocably and unconditionally guarantee[] to [Plaintiff] the prompt, punctual and full payment

when due of all principal, interest and other amounts . . . owing by [Atlantic Energy Defendants] to

[Plaintiff] . . . ."  Guaranty Agreement (Dkt. 10-6) ¶ 1.3.  The plain language of the Guaranty

Agreement demonstrates that the Brocks promised to pay Plaintiff for the debt of the Atlantic

Energy Defendants, and the Defendants admit the Brocks' joint and several liability for that debt.

Compl. ¶ 55; Answer ¶ 2.  The Brock's obligation to pay Plaintiff came due when Atlantic Energy

Defendants defaulted on their obligations to Plaintiff.  Timothy Brock and Terri Brock, as they

admit, failed to make required payments and thereby breached the Guaranty.  Compl. ¶ 56; Answer

¶ 2.  As no issue of material fact remains concerning the Brock's breach of guaranty, Plaintiff is

entitled to summary judgment on this claim.

### D. Attorneys' Fees

"Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation

and may not be awarded to the prevailing party unless authorized by agreement between the parties,

statute, or court rule."  Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003)

(citations omitted).  Moreover, "[u]nder New York law, 'the court should not infer a party's

intention' to provide counsel fees as damages for breach of contract 'unless the intention to do so is

unmistakably clear' from the language of the contract."  Id. (quoting Hooper Assocs., Ltd. v. AGS

Computers, Inc., 74 N.Y.2d 487, 492 (1989)).

In the instant case, the parties, in clear language, agreed that "[i]f [Plaintiff] hires an attorney

to enforce this Agreement, the [Defendants] shall pay [Plaintiff]'s reasonable attorney's fees . . . .

[And] shall also pay [Plainitff]'s court costs and costs of collection."  (Dkt. No. 10-2) ¶ 7.  Plaintiff

has hired an attorney to bring suit to enforce their agreement.  Therefore, under the clear language of

the Agreement, Plaintiff is entitled to reasonable attorneys' fees and should submit a motion for

attorneys' fees within 30 days of this order.

## IV.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that Plaintiff's partial Motion for summary judgment (Dkt. No. 10) is

**GRANTED**; and it is further

**ORDERED**, that Plaintiff file a motion for attorneys' fees within 30 days; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**

DATED:       September 07, 2010
             Albany, New York

Lawrence E. Kahn
U.S. District Judge