UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AQUENT, LLC,

                      Plaintiff,

   -against-                                                  1:09-CV-0524 (LEK/DRH)

ATLANTIC ENERGY SERVICES, INC.;
ATLANTIC ENERGY SOLUTIONS,
INC.; ATLANTIC HOLDING
COMPANY OF SARATOGA, INC.;
TERRI J. BROCK; and TIMOTHY J.
BROCK;

                      Defendants.
_____

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

Presently before the Court are Plaintiff Aquent, LLC ("Plaintiff" or "Aquent")'s Motions seeking damages and attorneys' fees as against Defendants Atlantic Energy Services, Inc.; Atlantic Energy Solutions, Inc.; Atlantic Holding Company of Saratoga, Inc; (collectively, "Atlantic Energy Defendants"), Terri J. Brock, and Timothy J. Brock (collectively, "Brock Defendants"). Dkt. Nos. 15 ("Fees Motion"), 19 ("Damages Motion"). Both Motions are unopposed. On September 7, 2010, the Court issued a Memorandum-Decison and Order granting Plaintiff's unopposed Motion for partial summary judgment and ordering Plaintiff to submit further briefing on attorneys' fees. Dkt. No. 11 ("SJ Order"). The Court later directed Plaintiff to submit a motion for damages. Dkt. No. 16.

### II. BACKGROUND

1

In January 2007, the Atlantic Energy Defendants entered into a line of credit agreement with Plaintiff. Dkt. No. 1 ("Complaint") ¶ 11. Pursuant to the line of credit agreement, Plaintiff agreed to provide the Atlantic Energy Defendants with accounts receivable financing, authorizing loan disbursements up to $500,000. Id. ¶¶ 11-12. Plaintiff also acquired, pursuant to a security agreement and a promissory note ("Note"), a security interest in all assets of the Atlantic Energy Defendants. Id. ¶¶ 14, 16-17. The Atlantic Energy Defendants agreed, upon demand by Plaintiff, to pay all principal outstanding on the Note, along with all accrued and unpaid interest set at a rate of 18%. Id. ¶¶ 37, 25. Additionally, the Brock Defendants executed a personal guaranty rendering them jointly and severally liable for the debts of the Atlantic Energy Defendants. Id. ¶ 55. After Defendants defaulted under these agreements, Plaintiff brought this action seeking to recover the outstanding balance of $469,434.08. Compl. ¶¶ 21, 42. On September 7, 2010, the Court granted summary judgment to Plaintiff on its claims of breach of contract, unjust enrichment, and breach of guaranty. See SJ Order.

For a more detailed statement of the facts underlying this action, reference is made to the Complaint and to the Memorandum-Decision and Order granting Plaintiff's Motion for summary judgment.

### III. DISCUSSION

**A. Plaintiff's Motion for Attorneys' Fees**

"Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (citations omitted). Here, the line of credit agreement signed by the Atlantic Energy

2

Defendants agreed that "[i]f [Plaintiff] hires an attorney to enforce this agreement, the [Atlantic Energy Defendants] shall pay [Plaintiff]'s reasonable attorneys' fees . . . [And] shall also pay [Plaintiff]'s court costs and costs of collection." Dkt. No. 10-2 ¶ 7. Accordingly, as the Court determined in the SJ Order, Plaintiff is entitled to an award of reasonable costs and attorneys' fees as against the Atlantic Energy Defendants.[1]

Courts in the Second Circuit employ a "presumptively reasonable fee" standard to determine the amount to award as attorneys' fees. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008). In order to determine what is a presumptively reasonable fee,[2] the court assesses "case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended by counsel. McDaniel v. County of Schenectady, 595 F.3d 411, 420 (2d Cir. 2010).

Plaintiff seek a total of $64,403.00 in attorneys' fees. Fees Mot. ¶¶ 5-6. In support of their Fees Motion, Plaintiffs have submitted detailed billing records. Dkt. Nos. 19, 19-1 ("Billing Memos"). Plaintiff notes that it has made numerous attempts to settle this matter, both before and after commencing litigation. Fees Mot. ¶¶ 2, 4. When those negotiations proved "fruitless," Plaintiff's attorneys drafted all necessary papers to move for judgment on the pleadings. Id. ¶ 4.

---

[1] The SJ Order found that the line of credit agreement provided for payment of costs and fees; this agreement was only signed by the Atlantic Energy Defendants. Although Plaintiff requests attorneys' fees from all Defendants, Plaintiff's Motion does not point to any specific contractual provision requiring the Brock Defendants to pay their attorneys' fees, and the Complaint did not seek attorneys' fees on the breach of guaranty claim. See Fees Mot. ¶¶ 5-6; Compl. ¶ 57.

[2] Even though Plaintiff's Motion is unopposed, a reviewing court should still examine the reasonableness of the costs and fees requested. See, e.g., Worldcom Technologies, Inc. v. Sequel Communications, Inc., No. 00 CIV. 1598, 2001 WL 1346178 (S.D.N.Y. Nov. 1, 2001).

Plaintiff's attorneys bill "at an hourly rate which varies based on the level of expertise and experience of the individual attorney or member of staff working on the request." Id. ¶ 3.

The Billing Memos submitted by Plaintiff are arranged in chronological order. See generally Billing Memos. Although these Memos include a breakdown of attorney hours and rates for each billing cycle, they do not include a summary totaled across all billing periods. Id. The Court, therefore, reviewed the submissions and found the following:

| **Attorney** | **Hourly Rate** | **Hours Billed** | **Total Fees** |
|---|---|---|---|
| Timothy Flanagan | $440.00 | 10.5 | $4,620.00 |
| Timothy Flanagan | $425.00 | 96.5 | $41,012.50 |
| James Ryan | $425.00 | 5.6 | $2,380.00 |
| Craig Dee | $410.00 | 0.3 | $123.00 |
| Jeffrey Herz | $410.00 | .8 | $328.00 |
| Matthew Roseman | $395.00 | 13.6 | $5,372.00 |
| Nathan Prystowsky | $225.00 | 44.4 | $9,990.00 |
| David Sherwin | $165.00 | 3.5 | $577.50 |
| **TOTAL:** | | | **$64,403.00** |

The Court has reviewed the documentation submitted by Plaintiff, and finds that all time billed is supported by contemporaneous time records that show – for each attorney – the date or dates worked, the hours expended, and the nature of the tasks completed. Id. As Defendants have not raised any objections to the tasks or hours billed, and as the Court has undertaken an independent review of the record and considered all relevant factors, the time billed by Plaintiff's attorneys on this matter is found to be reasonable.

The Court must next examine the reasonableness of counsel's hourly billing rates. Plaintiff's attorneys are located on Long Island, and the rates charged appear to be in a range reasonable for the Eastern District of New York. See, e.g., Cargo Gr., Inc. v. Maconachy, 2011 WL 6012426, at *3 (E.D.N.Y. Dec. 1, 2011) (collecting cases) ("In recent years, courts in [the Eastern District] have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates, and $70 to $100 for paralegal assistants."). However, under the "forum rule," a court "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Arbor Hill, 493 F.3d at 119 (quoting In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987)). The Second Circuit recently made clear that, "when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule." Simmons v. New York City Transit Auth., 575 F.3d 170, 175 (2d Cir. 2009). The party seeking a higher out-of-district rate "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." Id. at 176.

Here, Plaintiff has made no such "particularized showing" that the selection of out-of-district counsel was based on the above factors, and the Court finds no reason to suspect a "likelihood that use of in-district counsel would produce a substantially inferior result" in this case. Accordingly, the Court finds that Plaintiff's requested fee amount should be recalculated with hourly rates that have been found to be reasonable in this district. See, e.g., Hoblock v. Albany County Bd. of Elections, No. 1-04-CV-1205, 2006 WL 3248402, at *3 (N.D.N.Y. Nov. 7, 2006) (Kahn, J.) (reducing requested hourly rates to rates reasonable for the Northern District).

Recent cases in the Northern District have upheld hourly rates of up to $345.00. <u>See, e.g.</u>, <u>Jimico Enterprises, Inc. v. Lehigh Gas Corp.</u>, No. 1:07-CV-0578, 2011 WL 4594141, at *10 (N.D.N.Y. Sept. 30, 2011) (awarding attorneys' fees with hourly rates of $300.00 for partners and $180.00 for an associate); <u>Trudeau v. Bockstein</u>, 05-CV-1019, 2008 WL 3413903, at *5-6 (N.D.N.Y. Aug. 8, 2008) (awarding attorneys' fees for local counsel with hourly rates of $345.00, $275.00, $250.00, and $190.00). After reviewing other cases in this District along with the amounts requested here, the Court reduces the hourly rates requested by partners Timothy Flanagan and James Ryan from $440.00 and $425.00 to $345.00, an amount on the upper end of the prevailing rate in this district. The Court also adjusts the hourly rates charged by the other attorneys assigned to this case proportionately. Accordingly, the Court finds that the following hourly rates are reasonable, and awards attorneys' fees to Plaintiff as follows:

| Attorney | Hourly Rate | Hours Billed | Total Fees |
|---|---|---|---|
| Timothy Flanagan | $345.00 | 107 | $36,915.00 |
| James Ryan | $345.00 | 5.6 | $1,932.00 |
| Craig Dee | $330.00 | 0.3 | $99.00 |
| Jeffrey Herz | $330.00 | .8 | $264.00 |
| Matthew Roseman | $315.00 | 13.6 | $5,284.00 |
| Nathan Prystowsky | $185.00 | 44.4 | $8,214.00 |
| David Sherwin | $135.00 | 3.5 | $472.50 |
| **TOTAL:** | | | **$52,180.50** |

**B. Plaintiff's Motion for Damages**[3]

---

[3] Plaintiff notes that Defendant Timothy J. Brock recently filed for bankruptcy. Flanagan Affidavit (Dkt. No. 19) ¶ 3. As Plaintiff filed a proof of claim in the pending bankruptcy action, it is no longer seeking relief as to Timothy J. Brock. <u>Id.</u>

For the claims on which Plaintiff prevailed, the Complaint requests as damages: (1) principal advanced to Defendants in the amount of $469,434.08, plus interest at the rate of 18% pursuant to the terms of the agreements; and (2) a penalty of 15 percent of the "fee amount of cash misdirected and or misapplied" pursuant to the agreements. Compl. ¶¶ 45, 49, 57. However, in its Damages Motion, Plaintiff requests only the outstanding principal balance of $469,434.08 and interest of $257,560.15, for a total of $726,630.92.[4] Flanagan Aff. ¶ 3.

In support of this request, Plaintiff has submitted the Affidavit of Nunzio Domilici, the Chief Financial Officer of Aquent, who claims personal knowledge of all facts and financial records submitted. Domilici Affidavit (Dkt. No. 19) ¶ 1. Plaintiff also submitted an account statement showing all amounts due as of the date the Complaint was filed, and a detailed spreadsheet calculating all interest accrued. Pl.'s Exs. E, F (Dkt. No. 19-2) at 16-35.

Plaintiff seeks liquidated damages in the form of principal funds advanced and interest at the contractual rate. Having found that the Atlantic Energy Defendants are liable for breach of contract for defaulting on the various loan documents at issue in this case, SJ Order at 8, the Court now finds that Plaintiff is plainly entitled to the principal outstanding balance as of the date the Complaint was filed. Plaintiff is also entitled to damages for interest accrued at the contractual rate. See, e.g., NML Capital v. Republic of Argentina, 17 N.Y.3d 250, 258 (N.Y. 2011) (when a debtor defaults, "the interest rate in the contract will be used to calculate interest on unpaid principal from the date of maturity of the loan to the entry of judgment") (citation omitted). Accordingly, Plaintiff's request

---

[4] The Court notes that it appears that there was a mathematical error in this request, as the two amounts requested total $726,994.23, not $726,630.92. In any event, the documentation submitted by Plaintiffs shows a total amount due as of the date of filing of $726,630.92, and the Court will proceed based on this amount requested. Dkt. No. 19-2 at 35.

for $726,630.92 in damages is granted as to the Atlantic Energy Defendants.

Finally, as the Court previously found, Defendant Terri J. Brock is jointly and severally liable for all debt owed by the Atlantic Energy Defendants to Plaintiff, pursuant to the guaranty agreement that she signed. SJ Order at 9. Accordingly, Plaintiff's request for $726,630.92 in damages is also granted as to Defendant Terri J. Brock.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for attorneys' fees (Dkt. No. 15) is **GRANTED** consistent with this Memorandum-Decision and Order; and Plaintiffs are awarded attorneys' fees in the amount of $52,180.50, jointly and severally as to Defendants Atlantic Energy Services, Inc., Atlantic Energy Solutions, Inc., and Atlantic Holding Company of Saratoga, Inc.; and it is further

**ORDERED**, that Plaintiffs' Motion for damages (Dkt. No. 19) is **GRANTED**; and Plaintiffs are awarded damages in the amount of $726,630.92, jointly and severally as to Defendants Atlantic Energy Services, Inc., Atlantic Energy Solutions, Inc., Atlantic Holding Company of Saratoga, Inc., and Terri J. Brock; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 23, 2012
         Albany, New York

_Lawrence E. Kahn_
U.S. District Judge